UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT CODER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, MURRAY ALFORD, CRAIG DAWSON, MICHAEL MALOY, ROBERT THEISS, AND CORY VEULEMAN | CIVIL ACTION NO.: <br><br> JUDGE: <br><br> SECTION: |
| VERSUS | MAGISTRATE: |
| M-I, L.L.C D/B/A M-I SWACO | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes **ROBERT CODER**, individually and on behalf of all others similarly situated, **MURRAY ALFORD**, **CRAIG DAWSON**, **MICHAEL MALOY**, **ROBERT THEISS**, and **CORY VEULEMAN**, plaintiffs in the above-captioned matter, who bring this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from the defendant, M-I, L.L.C. d/b/a M-I Swaco.

### I.  NATURE OF SUIT

1.

This collective action is brought to recover from the defendant unpaid overtime compensation, an additional equal amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 *et seq.*, a law of the United States regulating interstate commerce.

## II.  JURISDICTION AND VENUE

2.

Plaintiffs' claims arise under the FLSA.  29 U.S.C. §§ 201 *et seq*.  Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Louisiana.

## III.  THE PARTIES

4.

The following parties are made Plaintiffs in this lawsuit:

(a) **ROBERT CODER**, a person of the full age of majority, is a citizen of the State of Louisiana, residing in Lafayette Parish, Louisiana;

(b) **MURRAY ALFORD**, a person of the full age of majority, is a citizen of the State of Mississippi, residing in Harrison County, Mississippi;

(c) **CRAIG DAWSON**, a person of the full age of majority, is a citizen of the State of Colorado, residing in Garfield County, Colorado;

(d) **MICHAEL MALOY**, a person of the full age of majority, is a citizen of the State of Louisiana, residing in Winn Parish, Louisiana;

(e) **ROBERT THEISS**, a person of the full age of majority, is a citizen of the State of Texas, residing in Brazos County, Texas; and

(f)   **CORY VEULEMAN**, a person of the full age of majority, is a citizen of the State of Louisiana, residing in St. Tammany Parish, Louisiana.

5.

Made Defendant in this lawsuit is **M-I, L.L.C. d/b/a M-I SWACO**, a Delaware limited liability company, authorized to do and doing business in the State of Louisiana, which may be served with process through its registered agent, Capital Corporate Services, Inc., at 8550 United Plaza Building II, Ste. 305, Baton Rouge, Louisiana.

## IV.  FACTS

6.

Defendant purports to be "the [oil industry's] leading supplier of drilling fluid systems engineered to improve drilling performance by anticipating fluids-related problems, fluid systems and specialty tools designed to optimize wellbore productivity, production technology solutions to maximize production rates, and environmental solutions that safely manage waste volumes generated in both drilling and production operations."  It has offices in the territorial jurisdiction of this Court.

7.

Plaintiffs were employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action.  In performing their duties, Plaintiffs were engaged in commerce or in the production of goods for commerce.  Plaintiffs regularly worked in excess of forty (40) hours per week.  However, Plaintiffs did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half, as required by the FLSA.

8.

During the three (3) year period preceding the filing of this action, each of the plaintiffs was employed by Defendant as a drilling fluid specialist (also referred to as a "mud man" or "mud engineer").

9.

Drilling fluid specialists, including Plaintiffs, are responsible for ensuring that the properties of the drilling fluid, also known as drilling mud, are within designed specifications.

10.

Drilling fluid specialists, including Plaintiffs, regularly work in excess of forty (40) hours per week. Drilling fluid specialists, including Plaintiffs, frequently were required to remain on the worksite, and respond immediately when called back to work, even when their "shift" was over or they were sleeping.

11.

Defendant does not pay drilling fluid specialists, including Plaintiffs, at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

12.

Instead, Defendant pays drilling fluid specialists, including Plaintiffs, at a fixed sum which does not take into consideration the number of hours worked per week.

## IV.  CAUSE OF ACTION

13.

At all relevant times, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14.

At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Defendant.

15.

At all relevant times, Plaintiffs were nonexempt employees of Defendant under the guidelines of the FLSA.  As nonexempt employees, Plaintiffs were legally entitled to be paid at one and one-half times their "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek.  29 U.S.C. § 207(a).

16.

During their employment with Defendant, each of the plaintiffs regularly worked in excess of forty (40) hours per work week.

17.

At all relevant times, Defendant willfully, regularly, and repeatedly failed to pay Plaintiffs overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty (40) hours per work week, in direct violation of the FLSA.  29 U.S.C. §§ 206(a), 207(a).

18.

Instead, Defendant paid Plaintiffs a fixed sum, without regard to the number of hours worked per week.

19.

As a result, Plaintiffs were regularly "shorted" on their paychecks by not being paid at a rate of time and one-half for hours worked in excess of forty (40).

20.

In the event that Defendant classified Plaintiffs as exempt from overtime, Plaintiffs were misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendant from appropriately paying Plaintiffs full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

21.

Defendant has not made a good faith effort to comply with the FLSA.  Rather, Defendant knowingly, willfully, and with reckless disregard carried out an illegal policy, pattern, or practice of failing to pay Plaintiffs proper overtime wages, when Defendant knew, or should have known, such was due and that nonpayment of overtime wages would financially injure Plaintiffs.

22.

At all relevant times, Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them at the legally required time-and-a-half rates for work in excess of forty (40) hours per workweek.

23.

As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs have suffered damages in an amount not presently ascertainable, and Plaintiffs are entitled to damages in the amount of their respective unpaid overtime compensation, an equal amount as liquidated damages, attorneys' fees, costs of pursuing this action, and all other legal and equitable relief as the Court deems just and proper.

24.

Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of Defendant.  Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of court to amend this Complaint to set forth the precise amounts due.

## V.  COLLECTIVE ACTION ALLEGATIONS

25.

On information and belief, other employees have been victimized by Defendant's patterns, practices, and policies identified above in violation of the FLSA.

26.

Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendant on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), in the job position known as drilling fluid specialist, also referred to as a "mud man" or "mud engineer" (the "Covered Employees").

27.

At all relevant times, Plaintiffs and the other Covered Employees are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendant's common practices, policies, programs, procedures, protocols, and plans of willfully failing and refusing to pay them at the legally required time-and-a-half rates for work in excess of forty (40) hours per workweek.  The claims of the Plaintiffs stated herein are substantially similar to those of the other Covered Employees.

28.

This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).  The Covered Employees are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.  Notice can be provided to the Covered Employees via first class mail to the last address known to their employer.

## V.  JURY REQUEST

29.

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand trial by jury on all issues.

## IX.  PRAYER

**WHEREFORE**, Plaintiffs, individually, and on behalf of all others similarly situated, respectfully pray that this Court:

    a.    Issue an order that the FLSA collective action be certified;

    b.    Authorize the issuance of notice at the earliest possible time to all Covered Employees, informing them of their rights to participate in this lawsuit if they should so desire;

c. Declare that Defendant has violated the overtime provisions of the FLSA as to Plaintiffs and all those similarly situated;

d. Declare Defendant's violations of the FLSA to be willful;

e. Award Plaintiffs and all those similarly situated damages for the amount of unpaid overtime compensation;

f. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

g. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

h. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

i. Award prejudgment and post judgment interest as allowed by law;

j. Award costs of court and costs of prosecuting Plaintiff's claims; and

k. Award such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**BERNARD, CASSISA, ELLIOTT & DAVIS**
A Professional Law Corporation

BY: _____*s/Kenneth J. DeRoche Jr.*_____
**STEPHEN N. ELLIOTT (#5326)**
**KENNETH J. DEROCHE, JR. (33534)**
3838 N. Causeway Blvd., Suite 3050
Metairie, Louisiana 70002-8357
Telephone: (504) 834-2612
Fax: (504) 838-9438
Attorneys for Plaintiffs.

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that he has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants, this  6th  day of   December   , 2017.

                                      *s/Kenneth J. DeRoche, Jr.*
                             **KENNETH J. DEROCHE, JR. (#33534)**

PLEASE SERVE:

M-I, L.L.C.
Through its agent for service of process:

Capitol Corporate Services, Inc.
8550 United Plaza Building II, Ste. 305
Baton Rouge, LA  70809