# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT CODER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-15074-WBV-JVM** |
| **M-I, LLC** | **SECTION: D (1)** |

## ORDER AND REASONS

Before the Court is Defendant's Motion to Sever.[1] The Motion is opposed[2] and Defendant has filed a Reply.[3] For the reasons that follow, the Motion is **DENIED as moot.**

### I. Background

On December 6, 2017, Robert Coder, individually and on behalf of all others similarly situated, Murray Alford, Craig Dawson, Michael Maloy, Robert Theiss and Cory Veuleman (collectively, "Plaintiffs") filed a Complaint in this Court, styled as a collective action, seeking to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, from M-I, LLC d/b/a M-I Swaco ("Defendant").[4] The parties agree, however, that Plaintiffs have not moved for conditional certification of a class.[5] Nonetheless, Defendant filed the instant Motion to Sever,[6] seeking an Order severing the claims of "nine (9) Plaintiffs and/or

---

[1] R. Doc. 12.
[2] R. Doc. 13.
[3] R. Doc. 17.
[4] R. Doc. 1.
[5] *See* R. Doc. 12-1 at p.3, n.1; R. Doc. 13 at p. 2.
[6] R. Doc. 13.

purported opt-ins: Robert Coder, Murray Alford, Craig Dawson, Michael Maloy, Robert Theiss, Cory Vueleman, William Green, William McBee, and James Slack . . . who have alleged violations of the Fair Labor Standards Act("FLSA").[7] According to Defendant, "Plaintiffs' claims should be severed into independent, separate lawsuits and adjudicated separately at trial."[8] Defendant notes, however, that, "While Plaintiffs have styled this matter as a Collective Action, Plaintiffs have not moved for conditional certification. William Green, William McBee, and James Slack have purported to opt-in. (Rec. Doc. 42) (filed while consolidated with *Bocage*, Case No. 17-6124)."[9]

Plaintiffs and the purported opt-in plaintiffs, Green, McBee and Slack, oppose the Motion, asserting that Defendant's argument lacks merit and that the Motion should be denied.[10] Plaintiffs, Green, McBee and Slack assert that their claims are sufficiently related to support joinder in a single proceeding and that they are similarly situated for the purposes of conditional certification as a collective action.[11] They readily admit, however, that "The plaintiffs have not yet filed a motion for conditional class certification."[12]

## II. Law and Analysis

Local Civil Rule 23.1 of the Eastern District of Louisiana requires a plaintiff to move for class certification under Federal Rule of Civil Procedure 23(c)(1) within 91

---

[7] R. Doc. 12-1 at p. 3.
[8] *Id*.
[9] *Id*. at n. 1.
[10] R. Doc. 13.
[11] *Id*. at pp. 4-5.
[12] *Id*. at p. 2.

days after filing a complaint in a class action, unless the period is extended upon motion for good cause and order by the Court. Although styled as a purported collective action for unpaid overtime wages under the FLSA, there is no dispute in this case that Plaintiffs have neither filed a motion for conditional class certification nor moved for an extension of the time period in which to do so under the Local Rules. Thus, there is no purported class in which Green, McBee and Slack could have opted into in this matter.

Further, as Defendant points out, McBee, Green and Slack attempted to become plaintiffs in this lawsuit during the brief period in which this matter was consolidated with *Bocage v. M-I, LLC*, Civ. A. No. 17-6124-GGG-JVM (E.D. La.), when Robert Coder filed a Notice of Filing Written Consent to Join as Plaintiffs in that case.[13] However, that pleading was marked "Deficient" by this Court as an "Improper form of pleading," and the Court further advised that, "A Motion to Amend must be filed to add parties."[14] The deadline for Coder to correct the deficiency was July 13, 2018. The cases were deconsolidated on July 10, 2019[15] and no corrective action was taken in either case. Coder did not re-file the Notice of Filing Written Consent to Join as Plaintiffs nor did Plaintiffs file a motion to amend. Accordingly, McBee, Green and Slack were never properly added as plaintiffs in this case. Defendant's Motion to Sever is, therefore, denied as moot with respect to McBee, Green and Slack.

---

[13] *See*, *Bocage v. M-I, LLC*, Civ. A. No. 17-6124-GGG-JVM (E.D. La.) (R. Doc. 42).
[14] *Id*.
[15] *Bocage v. M-I, LLC*, Civ. A. No. 17-6124-GGG-JVM (E.D. La.) (R. Doc.43); *Coder, et al. v. M-I, LLC*, Civ. A. No. 17-15074 (E.D. La.) (R. Doc. 7).

Additionally, the parties recently filed joint stipulations of dismissal with respect to Craig Dawson, Murray Alford, Michael Maloy, Robert Theiss and Cory Veuleman, who have been dismissed without prejudice from this case.[16] Thus, the only remaining plaintiff in this action is Robert Coder. The Court, therefore, finds that the Motion to Sever must be denied as moot.

### III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Sever[17] is **DENIED as moot.**

New Orleans, Louisiana, September 11, 2019.

**WENDY B. VITTER**
**United States District Judge**

---

[16] *See* R. Docs. 19, 20, 22, 24.
[17] R. Doc. 12.