UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ROBERT CODER, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-15074-WBV-JVM |
| M-I, LLC | SECTION: D (1) |

### ORDER AND REASONS

Before the Court is a Motion to Recognize William Green as a Party Plaintiff, filed by Robert Coder.[1] The Motion is opposed.[2] For the reasons that follow, the Motion is **DENIED**.

**I.  Background**

On December 6, 2017, Robert Coder, individually and on behalf of all others similarly situated, Murray Alford, Craig Dawson, Michael Maloy, Robert Theiss and Cory Veuleman (collectively, "Plaintiffs") filed a Complaint in this Court, styled as a collective action, seeking to recover unpaid overtime wages under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, from M-I, LLC d/b/a M-I Swaco ("Defendant").[3] On December 12, 2017, the case was consolidated with Civ. A. No. 17-6124-GGG-JVM, *Bocage v. M-I, LLC* (the "*Bocage* matter").[4] After consolidation, the *Bocage* matter became the lead consolidated case into which further pleadings were filed.  On January 3, 2018, Jeremy Bocage, the plaintiff in the *Bocage* matter,

---

[1] R. Doc. 49.
[2] R. Doc. 52.
[3] R. Doc. 1.
[4] R. Doc. 6.

1

filed a Motion for Leave to File an Amended Complaint, seeking to add Kenneth Abbas, Robert Armstrong, Mike Aucoin, Ernest Badeaux, Jr., David Burford, Brian Carbo, Maxcillian Danos, III, Kenneth Kidder, Terry Leeper, Ricky Livingston, Harry Mankle, Bradley McKay, Phillip Palmer, Martin Ranstead, Garret Richard, James Smith, Steven Sonnier, Mark Stockstill, Elwin Thomas, Dominique Trahan and Larry Williamson as plaintiffs.[5] The Court granted the Motion for Leave on March 7, 2018.[6]

Thereafter, on July 5, 2018, Robert Coder filed a Notice of Filing Written Consent to Join as Plaintiffs in the consolidated matter, asserting that William D. Green, William McBee and James E. Slack "have elected to become plaintiffs in this lawsuit by filing the attached written consent forms, in accordance with the provisions of 29 U.S.C. § 216(b)."[7] On July 6, 2018, the Clerk of Court marked the pleading as deficient because it is an "Improper form of pleading."[8] The deficiency notice states that, "A Motion to Amend must be filed to add parties."[9] The deficiency notice further provides, "**Attention: Document must be refiled in its entirety within seven (7) calendar days; otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 7/13/2018.**"[10] Coder failed to address the deficiency or file any further motion to request that a party be added until October 8, 2019, well over one year later.[11]

---

[5] *See* R. Docs. 17 & 17-4 in the *Bocage* matter.
[6] R. Doc. 31 in the *Bocage* matter.
[7] R. Doc. 42 in the *Bocage* matter.
[8] *See* July 6, 2018 NOTICE OF DEFICIENCY in the *Bocage* matter.
[9] *Id.*
[10] *Id.*
[11] R. Doc. 49.

2

On July 10, 2018, the Court issued an Order Deconsolidating Cases.[12] In the instant case, the parties recently filed joint stipulations of dismissal with respect to Craig Dawson, Murray Alford, Michael Maloy, Robert Theiss and Cory Veuleman, who have been dismissed without prejudice from this case.[13] Thus, the only remaining named plaintiff in this action is Robert Coder.

As indicated, on October 8, 2019, Coder filed the instant Motion, requesting an Order from this Court recognizing that William Green was properly joined as a collective action plaintiff when he filed his written consent to join this lawsuit on July 5, 2018, despite the notice of deficiency and lapse of time since the notice.[14] Coder asserts that his counsel contacted the Court to clarify the deficiency and "spoke to a member of the Court's staff," during which counsel pointed out that this case was filed as a putative collective action and that additional plaintiffs could be added by filing a written consent to join under 29 U.S.C. § 216(b).[15] Coder asserts that his counsel was advised that because the collective action claims in the *Bocage* matter had been previously dismissed, "the Court did not realize that the Coder matter was still pending as a putative collective action," and that, "Plaintiff's counsel was advised that the Court would review the docket and take corrective action if necessary."[16] Coder asserts that, "On July 10, 2018, the Court issued an order deconsolidating the Bocage and Coder matters, and plaintiff's counsel mistakenly believed that the docket

---

[12] R. Doc. 7; *See* R. Doc. 43 in the *Bocage* matter.
[13] *See* R. Docs. 19, 20, 22, 24.
[14] R. Doc. 49.
[15] R. Doc. 49-1 at p. 2.
[16] *Id.* (*citing* R. Doc. 14 in the *Bocage* matter).

3

was corrected to recognize that the opt-in plaintiffs were added to the suit by filing the written consent forms."[17] The Court notes that all counsel, including Coder's counsel, subsequently participated in a Scheduling Conference to formulate a Scheduling Order in this matter.[18] This issue was not brought up by Coder's counsel in the Scheduling Conference.

Relying upon an Eleventh Circuit case, Coder argues that the only requirement for Green to become a plaintiff in this case was to file a written consent with the Court and be similarly situated to the named plaintiff.[19] Coder contends that Green filed a written consent on July 5, 2018, and that the Declarations of Coder and Green, submitted in support of the instant Motion, clearly demonstrate that they are similarly situated.[20] Coder asserts that under the three-factor test set forth in *Lusardi v. Xerox Corp.*, Coder and Green are similarly situated.[21] Finally, Coder asserts that "general fairness and procedural considerations dictate that Green should be recognized as an opt-in plaintiff and allowed to proceed to trial along with Coder" because there is no element of surprise, since "The plaintiff has been aware of the claim since Mr. Green filed his written consent to join the lawsuit."[22] Coder claims that Green has participated in discovery by answering written discovery

---

[17] R. Doc. 49-1 at p. 2.
[18] R. Doc. 11.
[19] R. Doc. 49-1 at pp. 5-6 (citing *Mickles on behalf of herself v. Country Club Inc.*, 887 F.3d 1270, 1277-78 (11th Cir. 2018)).
[20] R. Doc. 49-1 at p. 6; *See* R. Docs. 49-2 & 49-3.
[21] R. Doc. 49-1 at pp. 6-9 (citing *Lusardi*, 118 F.R.D. 351, 359 (D.N.J. 1987)).
[22] R. Doc. 49-1 at p. 9. Although Coder asserts that there is no element of surprise because he has been aware of Green's claim since the filing of Green's written consent to join the lawsuit, this appears to be a typographical error. It is more likely that Coder meant to assert that *Defendant* has been aware of Green's claim since the filing of his written consent.

4

requests and appearing for a deposition noticed by Defendant, and that trying their claims together will promote judicial efficiency.[23] Alternatively, Coder urges the Court to "issue an order tolling the statute of limitations on Green's claim" from July 5, 2018 until 30 days after ruling on the instant Motion so that he can refile his claims.[24]

Defendant opposes the Motion, arguing that Green was never properly added as plaintiff in this case.[25] Defendant asserts that Green attempted to file his written consent, but that it was rejected by the Court as deficient, and that Green took no action to correct the deficiency.[26] Defendant claims that this Court routinely rejects litigants' efforts to resurrect deficient documents that were not refiled.[27] Defendant asserts that the instant Motion is premised upon an *ex parte* communication between Coder's counsel and an unnamed member of "the Court's staff," and that it was incumbent upon Coder's counsel to refile the appropriate pleading in response to the Court's deficiency notice.[28] Even if Green's consent had been timely or correctly filed, Defendant argues that he still cannot proceed in this action as an opt-in plaintiff because Coder has never moved for certification of the class.[29] Defendant asserts that if a case does not proceed as a collective action, the opt-in plaintiffs are dismissed

---

[23] *Id.*
[24] *Id.* (citing *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 511-12 (M.D. La. 2005)).
[25] R. Doc. 52.
[26] R. Doc. 52 at pp. 2-3.
[27] *Id.* at p. 3 (citing *Brown v. Toyota Motor Sales, U.S.A., Inc.*, Civ. A. No. 16-1069, 2016 WL 1161306, at *2 (E.D. La. Mar. 24, 2016)).
[28] R. Doc. 52 at p. 4.
[29] *Id.* at p. 5.

5

without prejudice.[30] Defendant further asserts that Green is not similarly situated to Coder because it has separate, dispositive affirmative defenses for Green, including release and *res judicata*.[31] Defendant asserts that Green was involved in a settlement agreement in a California putative class action entitled *Syed v. M-I, LLC*, Civ. A. No. 12-01718, and that Green has admitted that he did not opt-out of the lawsuit and that he received a cashed a check in connection with the settlement.[32]

Defendant further asserts that the instant Motion is untimely and highly prejudicial to Defendant because it was filed over a month after the Court determined that Green was not a proper party on September 11, 2019.[33] Defendant claims that since that dismissal, the discovery deadline has passed, the deadline to file witness and exhibit lists has passed, and the dispositive motion deadline has passed.[34] Defendant asserts that it did not list witnesses or exhibits pertaining to Green in its witness or exhibit lists, and that it would be prejudiced if Green became a plaintiff after the witness and exhibit list deadline. Alternatively, if Green is recognized as plaintiff, Defendant argues that it should be allowed to re-urge its motion to sever, which would no longer be moot.[35] Finally, Defendant argues that Coder's alternative request for the Court to toll the statute of limitations on Green's claims is

---

[30] *Id.* (citing *Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866, 871 (S.D. Tex. 2007); *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1094 (D. Kan. 2012) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1208, 1214 (5th Cir. 1995)).
[31] R. Doc. 52 at p. 6.
[32] *Id.* (*citing* R. Docs. 52-2 & 52-3).
[33] R. Doc. 52 at p. 7 (*citing* R. Doc. 30).
[34] R. Doc. 52 at p. 7 (*citing* R. Doc. 11).
[35] R. Doc. 52 at p. 7.

inappropriate because Coder has not and cannot allege that an extraordinary circumstance prevented Green's timely filing of his written consent.[36]

## II. Law and Analysis

### A. FLSA Class Actions.

The FLSA generally requires employers to pay employees who work more than forty hours in a workweek at least one and one-half times the employees' regular rate for each hour in excess of forty.[37] The FLSA, however, "excludes from its overtime requirement those employees working 'in a bona fide executive, administrative, or professional capacity.'"[38] The FLSA provides employees who are improperly denied overtime wages a cause of action to recoup unpaid wages, liquidated damages, and attorney's fees from their employers.[39] An action seeking such relief may be maintained against the employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[40] Such an action is referred to as a collective action. The FLSA further provides that, "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[41]

---

[36] *Id*. at pp. 7-8 (citing *Nadesan v. Texas Oncology PA*, Civ. A. No. 10-239, 2011 WL 147570, at *6 (N.D. Tex. Jan. 18, 2011)).
[37] *Rychorcewicz v. Welltec, Inc.*, 768 Fed.Appx. 252, 255 (5th Cir. 2019) (*citing* 29 U.S.C. § 207(a)(1).
[38] *Dewan v. M-I, LLC*, 858 F.3d 331, 334 (5th Cir. 2017) (quoting 29 U.S.C. § 213(a)(1)).
[39] *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (*citing* 29 U.S.C. § 216(b)).
[40] 29 U.S.C. § 216(b).
[41] *Id*.

**B. William Green's Status as a Plaintiff.**

The sole issue before the Court is whether William Green was properly joined as a collective action plaintiff in this matter. Green attempted to become a plaintiff in this lawsuit during the brief period in which this matter was consolidated with the *Bocage* matter, when Robert Coder filed a Notice of Filing Written Consent to Join as Plaintiffs in that case.[42] However, that pleading was deficient and rejected by the Clerk of Court.[43] In the deficiency notice, the Clerk of Court advised that, "A Motion to Amend must be filed to add parties."[44] The deadline for Coder to correct the deficiency was July 13, 2018. However, Coder failed to address the deficiency or file any further motion to request that a party be added until October 8, 2019, well over one year later.[45] While the Court is mindful that procedural filing deficiencies should not normally bar a party's otherwise timely filing,[46] the Court finds that Coder has evidenced a lack of intent to move for conditional certification or amend his pleadings. Accordingly, the Notice of Filing Written Consent to Join as Plaintiffs is not properly before the Court.[47]

---

[42] *See* R. Doc. 42 in the *Bocage* matter.
[43] *Id.*
[44] *Id.*
[45] R. Doc. 49.
[46] *See* Fed. R. Civ. P. 83(a)(2) ("A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."); *Darouiche v. Fidelity Nat. Ins. Co.*, 415 Fed.Appx. 548, 552 (5th Cir. 2011) ("Under these circumstances, a conclusion that the minor formatting error in Darouiche's February 10 motion rendered that motion too insufficient to be considered would unjustifiably elevate form over substance.").
[47] *See Daboval v. Miller Transporters, Inc.*, Civ. A. No. 14-1266, 2015 WL 1538810, at * (E.D. La. Apr. 7, 2015) (holding that two pleadings marked as deficient by the Clerk of Court were not properly before the Court); *Whitehead v. FedEx Office Inc.*, Civ. A. No. 10-1120, 2010 WL 4103707, at *1 (W.D. La. Oct. 18, 2010) ("Plaintiff's counsel failed to timely correct these deficiencies; therefore, Plaintiff's motions are not properly before this Court.").

Despite the deficiency, Coder argues that Green was properly joined as a collective action plaintiff when he filed his written consent to join this lawsuit on July 5, 2018. The Court disagrees. Coder does not cite to, and the Court could not find, any authority supporting his position. Further, even if Green's written consent was properly before the Court, there is no dispute in this case that Coder never filed a motion for conditional class certification.[48] Thus, there is no purported collective action that Green could have opted into in this matter. The question of the status of an opt-in plaintiff when there is no conditionally certified collective action under the FLSA has resulted in a conflict among courts, including the courts within this Circuit.[49] "Some courts have held that an opt-in plaintiff in a FLSA case where no class has been certified or where the conditionally certified class has been decertified must be dismissed without prejudice, as he has opted into a nonexistent class, not into the original lawsuit, and therefore only the original named plaintiff in the suit

---

[48] *See* R. Doc. 30 at p. 1, n.5.
[49] *Dewan v. M-I, LLC*, Civ. A. No. H-15-1746, 2016 WL 695717, at *15 (S.D. Tex. Feb. 22, 2016).

proceeds."[50] Other courts, however, have concluded that opt-in plaintiffs who filed a written consent under the FLSA have the same status as the named plaintiff.[51]

Finding the first line of cases more persuasive, the Court agrees with Defendant that if a case does not proceed as a collective action, any opt-in plaintiffs must be dismissed without prejudice. Thus, even if Green's written consent to join

---

[50] *Id.*; *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) ("If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); *Quijano v. Tuffy Associates Corp.*, Civ. A. No. 2:13-cv-573-FtM-38CM, 2014 WL 4182691, at * (M.D. Fla. Aug. 21, 2014) (where plaintiff failed to move for conditional certification, the court granted defendant's motion to dismiss opt-in plaintiff without prejudice and struck collective action allegations from plaintiffs' complaint); *McGlathery v. Lincare*, Civ. A. No. 8:13-cv-1255-T-23TBM, 2014 WL 1338610, at *3 (M.D. Fla. Apr. 3, 2014) (after plaintiffs failed to move for certification of a collective action and requested the court to convert the opt-in plaintiffs to named plaintiffs, the court dismissed claims of opt-in plaintiffs without prejudice, stating "once the possibility of class certification passes . . . opt-in plaintiffs are dismissed without prejudice"); *Clay v. Huntington Ingalls, Inc.*, Civ. A. No. 09-7265, 2012 WL 860375, at *3 (E.D. La. Mar. 13, 2012) (after denying class certification, the Court held that, "[T]o now allow the Opt-in Plaintiffs to be converted to named plaintiffs would violate the policies and practical considerations underlying the decision not to certify the collective action in the first place."); *Odem v. Centex Homes*, Civ. A. No. 3:08-CV-1196 L, 2010 WL 424216, at *2 (N.D. Tex. Feb. 4, 2010) (denying motion for conditional certification of an FLSA collective action and dismissing opt-in plaintiffs without prejudice); *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 588 (E.D. La. 2008) (decertifying collective action and dismissing without prejudice "the claims of all opt-in plaintiffs, leaving before the Court the named plaintiffs who originated these actions.").

[51] *Dewan*, Civ. A. No. H-15-1746, 2016 WL 695717, at *15; *See Prickett v. Dekalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003) ("Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs."); *Alvarado v. Wang Ma LLC*, Civ. A. No. SA:13-CV-944-DAE, 2015 WL 919818, at *2 (W.D. Tex. Mar. 3, 2015) (finding that conditional certification is not required for an opt-in plaintiff to be considered a party plaintiff and that "an amendment is not absolutely necessary," but granting plaintiff's unopposed motion for leave to amend to add named plaintiffs); *Palmer v. Priority Healthcare, Inc.*, Civ. A. No. 3:13CV480TSL-JMR, 2013 WL 5771662, at *3 (S.D. Miss. Oct. 24, 2013) ("Once opt-in plaintiffs consent to join, they have the same status in relation to the claims of the lawsuit as do the named plaintiffs.") (internal quotation and quotation marks omitted); *Alfonso v. Straight Line Installations, LLC*, Civ. A. NO. 6:08-cv-1842-Orl-35DAB, 2010 WL 519851 (M.D. Fla. Sept. 29, 2010) (although plaintiff did not file a motion seeking to proceed as a collective action, the court found that two individuals became opt-in plaintiffs upon the filing of their consents to join and granted plaintiff's *nunc pro tunc* motion to amend complaint to add them as plaintiffs); *Coan v. Nightengale Home Healthcare, Inc.*, Civ. A. No. 1:05-CV-0101-DFH-TAB, 2006 WL 1994772, at *2 (S.D. Ind. July 14, 2006) ("Under the opt-in procedures of 29 U.S.C. § 216(b) all 66 of the plaintiffs have affirmatively opted in as plaintiffs in this case, and they are full parties for all purposes. The original plaintiffs are no longer representing the additional plaintiffs; they are all plaintiffs.") (internal citation omitted).

this action as a plaintiff was properly before the Court, his claims would be dismissed without prejudice.

### C. Coder's Alternative Request for an Order Tolling the Statute of Limitations on Green's Claim.

The doctrine of equitable tolling "preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[52] "A district court may refuse to toll limitations because it interprets a statute or regulation to prohibit tolling or because it refuses to exercise its equitable discretion to toll."[53] Principles of equitable tolling apply in FLSA actions.[54] The decision of whether to toll rests within the discretion of the district court, and where the district court "declines to exercise its equitable powers," the appellate court will review only for abuse of discretion.[55]

The burden to prove that equitable tolling is warranted rests squarely on the party seeking to invoke tolling.[56] Further, equitable tolling applies in "rare and exceptional circumstances,"[57] principally where a plaintiff "is prevented in some extraordinary way from asserting his rights."[58] The remedy is available only where a plaintiff "diligently pursues his or her rights."[59]

---

[52] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quotation omitted).
[53] *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002) (citations omitted).
[54] *Morales v. Bimbo's Best Produce, Inc.*, Civ. A. No. 08-5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009); *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 1063 (5th Cir. 2008) (citations omitted).
[55] *Teemac*, 298 F.3d at 456.
[56] *Id.* at 457 (citing *Wilson v. Secretary, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992)).
[57] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).
[58] *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).
[59] *Montelong v. Housing Auth. Of El Paso*, Civ. A. No. 09-0388, 2010 WL 3239235 (W.D. Tex. Aug. 13, 2010) (citing *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005); *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992).

Here, Coder has failed to make any showing whatsoever that Green is entitled to equitable tolling in this case. Coder's entire argument with respect to his request for equitable tolling is set forth in the following sentence: "In the alternative, the Court should issue an order tolling the statute of limitations on Green's claim from July 5, 2018, the day he filed his consent, until thirty days after the order so that he may refile his claims. *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 511-12 (M.D. La. 2005)."[60] As such, the Court is forced to ascertain Coder's argument from a single pincite. Although the *England* court makes no mention of equitable tolling, after denying conditional certification of a collective action, the court held that, "Because of the unusual procedural aspects of these cases in that the two suits were originally filed in separate courts and had different pretrial orders issued, the plaintiffs are concerned that many of the plaintiffs' claims will now be time barred."[61] The *England* court further held that, "The Court believes that it should take appropriate steps to protect the rights of individual plaintiffs who have relied on the orders that have been issued earlier in these proceedings so each will not be prejudiced. This equitable relief, however, must also ensure that the defendant's rights are also protected . . . ."[62]

Unlike in *England*, which involved two actions – one filed in Louisiana state court and removed to federal court and one filed in Minnesota federal court – which were consolidated into one action in Louisiana federal court,[63] the instant case was

---

[60] R. Doc. 49-1 at p. 9.
[61] *England*, 370 F. Supp. 2d at 511.
[62] *Id*.
[63] *Id*. at 506-07.

12

originally filed in this Court and was consolidated with the *Bocage* matter for only seven months shortly after the Complaint was filed.[64] It was during this brief period of consolidation that Coder attempted to add Green as a plaintiff by filing Green's written consent to join as a plaintiff on July 5, 2018.[65] As previously discussed, the Clerk of Court deemed the written consent deficient and Coder failed to cure the deficiency by re-filing the written consent or by filing a motion for leave to amend the Complaint. Thus, Coder and Green cannot be said to have "diligently pursue[d their] rights,"[66] in light of the fact that their request to equitably toll Green's claims was asserted approximately 15 months after they received the Clerk of Court's Notice of Deficient Document on July 6, 2018. Further, Coder has not alleged that an extraordinary circumstance prevented Green from timely filing his written consent, nor has Coder alleged that Defendant did anything to induce Green to delay re-filing his written consent. Accordingly, Coder has failed to satisfy his burden of proving that equitable tolling is warranted in this case.

Based on the foregoing, Coder's Motion must be denied.

## III. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Robert Coder's

---

[64] *See* R. Docs. 1, 6 & 7.
[65] R. Doc. 42 in the *Bocage* matter.
[66] *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (citing *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)).

Motion to Recognize William Green as a Party Plaintiff[67] is **DENIED.**

New Orleans, Louisiana, October 23, 2019.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[67] R. Doc. 49.