# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| ROBERT CODER, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-15074-WBV-JVM |
| M-I, LLC | SECTION: D (1) |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment.[1] The Motion is opposed,[2] and Defendant has filed a Reply.[3] For the reasons that follow, the Motion is **DENIED**.

### I. Background

On December 6, 2017, Robert Coder, individually and on behalf of all others similarly situated, Murray Alford, Craig Dawson, Michael Maloy, Robert Theiss and Cory Veuleman (collectively, "Plaintiffs") filed a Complaint in this Court, styled as a collective action, seeking to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, from M-I, LLC d/b/a M-I Swaco ("Defendant").[4] Although styled as a purported collective action for unpaid overtime wages under the FLSA, there is no dispute in this case that Plaintiffs have neither filed a motion for conditional class certification nor moved for an extension of the time

---

[1] R. Doc. 39.
[2] R. Doc. 44.
[3] R. Doc. 48.
[4] R. Doc. 1. On December 12, 2017, the case was consolidated with Civ. A. No. 17-6124-GGG-JVM, *Bocage v. M-I, LLC* (the "*Bocage* matter"). R. Doc. 6. On July 10, 2018, however, the Court issued an Order Deconsolidating Cases. R. Doc. 7; *See* R. Doc. 43 in the *Bocage* matter.

period in which to do so under the Local Rules. Additionally, the parties recently filed joint stipulations of dismissal with respect to Craig Dawson, Murray Alford, Michael Maloy, Robert Theiss and Cory Veuleman, who have been dismissed without prejudice from this case.[5] Thus, the only remaining plaintiff in this action is Robert Coder.

On September 18, 2019, Defendant filed the instant Motion for Summary Judgment, seeking dismissal of Coder's claims on the basis that Coder is exempt from FLSA overtime wages under the highly compensated employee exemption.[6] Defendant asserts that the exemption applies to employees paid on a salary basis of at least $455 per week and who make over $100,000 per year, whose primary duty is the performance of office or non-manual work, and who customarily and regularly perform any one or more of the exempt duties or responsibilities of an executive or administrative employee.[7] Defendant also moves for summary judgment on the basis that it did not violate the FLSA willfully and, as such, asks the Court to rule that the statute of limitations for all claims alleging an FLSA violation is two years.[8] Finally, if the Court applies a two-year statute of limitation to Coder's FLSA claims, Defendant asserts that Coder should be precluded from recovering damages in this case because he had not filed a written consent as of the date of Defendant's Motion.[9]

---

[5] *See* R. Docs. 19, 20, 22, 24.
[6] R. Doc. 39.
[7] R. Doc. 39 at p. 1; R. Doc. 39-1 at pp. 1, 8-9.
[8] R. Doc. 39 at p. 1; R. Doc. 39-1 at pp. 20-23.
[9] R. Doc. 39 at pp. 1-2; R. Doc. 39-1 at pp. 23-25.

Coder argues that the Motion must be denied because there are genuine issues of material fact in dispute regarding whether he satisfies the criteria of the highly compensated employee exemption.[10] Specifically, Coder argues that there are genuine issues of fact in dispute regarding whether he customarily and regularly performs the responsibilities of an executive, administrative or professional employee, as required for the exemption to apply.[11] Coder further asserts that there are genuine issues of material fact in dispute regarding whether Defendant acted in good faith or willfully violated the FLSA.[12] Finally, contrary to Defendant's position, Coder argues that the Court should find that the statute of limitations tolled on his individual claim on the date the Complaint was filed.[13]

In response, Defendant maintains that Coder is exempt from overtime wages under the FLSA based on the highly compensated employee exemption.[14] Although Coder cites *Dewan v. M-I, LLC*[15] for the position that the FLSA must be construed narrowly against the employer, Defendant argues that the Fifth Circuit has repeatedly recognized that it must abandon its narrow interpretation of the FLSA exemptions because the Supreme Court recently clarified in *Encino Motorcars, LLC v. Navarro* that it must give FLSA exemptions a fair reading, rather than a narrow interpretation.[16] Defendant asserts that such an analysis is consistent with a recent

---

[10] R. Doc. 44 at pp. 9-11.
[11] *Id.* at pp. 6-14.
[12] *Id.* at pp. 16-17.
[13] *Id.* at pp. 17-19.
[14] R. Doc. 48.
[15] 858 F.3d 331 (5th Cir. 2017).
[16] *Id.* at pp. 2-3 (citing *Encino Motorcars, LLC v. Navarro*, 138 S.Ct. 1134, 1142, 200 L.Ed.2d 433 (2018);.*Carley v. Crest Pumping Techs.*, L.L.C., 890 F.3d 575, 579 (5th Cir. 2018); *Rychorcewicz v.*

United States Department of Labor Opinion Letter by the Wage and Hour Division, which discusses how the highly compensated employee exemption should be analyzed post-*Encino*.[17] Defendant also asserts that *Dewan* is inapplicable here because it focused on an administrative exemption, not the highly compensated employee exemption.[18]

## II. Law and Analysis

### A. Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[19] A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[20] If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[21] This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated

---

*Welltec, Inc.*, 768 Fed.Appx. 252, 254 (5th Cir. 2019); *Faludi v. U.S. Shale Sols.*, L.L.C., 2019 WL 3940878, *2 (5th Cir. 2019)).
[17] R. Doc. 48 at pp. 3-4.
[18] R. Doc. 48 at p. 4.
[19] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[20] *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552.
[21] *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

assertions, by conclusory allegations, or by a mere scintilla of evidence.[22] Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[23]

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.[24] In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.[25]

### B. FLSA's Exemptions Must Be Given a Fair Reading.

The FLSA requires employers to pay non-exempt employees overtime for working more than 40 hours in a week.[26] Exempt employees, however, are not required to be paid overtime.[27] The employer bears the burden of proving an exemption as an affirmative defense.[28] The amount of time the employee devotes to particular duties and the significance of those duties are questions of fact; whether an employee's salary and duties ultimately satisfy an exemption is a matter of

---

[22] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2552.
[24] *Little*, 37 F.3d at 1075.
[25] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[26] 29 U.S.C. § 207(a).
[27] 29 U.S.C. § 213(a).
[28] *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 584 (5th Cir. 2006).

law.²⁹ FLSA's exemptions must be given a "fair reading" rather than being construed narrowly against the employer.³⁰

### C. Defendant is not entitled to summary judgment.

In the instant case, it is clear that summary judgment is not proper, as genuine issues of material fact remain in dispute. The most obvious fact that remains in dispute is whether Coder customarily and regularly performed one or more of the exempt duties or responsibilities of an executive or administrative employee, as those terms are defined in the FLSA.³¹ This fact goes to the crux of Coder's case, and cannot be ascertained on the materials submitted. It remains a material fact in dispute. While the cases cited by Defendant reached a different result, ³² the ultimate determination of whether an employee falls within the highly compensated employee exception is a fact-intensive inquiry that must be made on a case-by-case basis.³³ Under a fair reading of the highly compensated employee exemption,³⁴ the Court finds that there are genuine issues of material fact in dispute that preclude summary judgment on the issue. The Court further finds that genuine issues of material fact also preclude summary judgment on the issue of whether Defendant acted in good faith or willfully violated the FLSA by failing to pay Coder overtime wages.

---

²⁹ *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 Fed.Appx. 349, 352 (5th Cir. 2015) (citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986)); *see also Dalheim v. KDFW-TV*, 918 F.2d 1220, 1226 (5th Cir. 1990).
³⁰ *Encino Motorcars v. Navarro*, 138 S.Ct. 1134, 1142, 200 L.Ed.2d 433 (2018).
³¹ *See* R. Doc. 39-1 at pp. 9-13; R. Doc. 44 at pp. 5, 9-14.
³² *See* R. Doc. 39-1 at pp. 13-20.
³³ *See Dewan v. M-I, LLC*, 858 F.3d 331,335 (5th Cir. 2017).
³⁴ *Encino*, 138 S.Ct at 1142; *Carley v. Crest Pumping Techs.*, L.L.C., 890 F.3d 575, 579 (5th Cir. 2018).

For these reasons, Defendant's Motion for Summary Judgment must be denied.

**III.    Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[35] is **DENIED.**

New Orleans, Louisiana, October 25, 2019.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[35] R. Doc. 39.